UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTHONY ODIANA

                      Petitioner,

   -against-                              1:06-CV-1423
                                               1:05-CR-00227
                                                   (LEK)

UNITED STATES OF AMERICA

                      Respondent.

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

On November 24, 2006, Anthony Odiana ("Petitioner" or "Odiana") filed a Petition for a writ of habeas corpus with this Court. See Dkt. No. 35. Odiana bases his Petition on claims that he received ineffective assistance of counsel during his sentencing. See Motion to Vacate (Dkt. No. 35) at 1-3.

On May 1, 2005, Petitioner attempted to enter the United States via the Champlain, New York Port of Entry. See Criminal Complaint (Dkt. No. 1). Petitioner claimed that he was Overton Bernard Hunter, a United States Citizen and he presented a falsified passport.[2] Id. Customs agents checked Petitioner's fingerprints and discovered his true identity, including his Nigerian citizenship

---

[1] For printed publication by the Federal Reporters.

[2] Petitioner presented two passports, one expired and one current, and a birth certificate bearing the information from Hunter's birth certificate. The passports contained pictures of Petitioner. He also had Hunter's birth certificate in his possession See Criminal Complaint (Dkt. No. 1).

1

and a prior felony conviction that lead to his previous deportation from the United States.[3]  Id.

Petitioner was indicted on May 12, 2005 on a four count Indictment, the counts being:  1) false claim of United States Citizenship in violation of 18 U.S.C. § 911,  2) reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b)(2),  3) false personation, violating 18 U.S.C. §1546(a) and 4) identity theft in violation of 18 U.S.C. §1028(a).  See Indictment (Dkt. No. 5). Petitioner accepted a plea bargain and pled guilty to counts 1 and 4 of the Indictment.  See Minute Entry (Dkt. No. 23) and Plea Agreement (Dkt. No. 22) at ¶ 1(a).  In exchange for the guilty pleas, the other two counts against Petitioner were dismissed and he received certain stipulations at sentencing.  Plea Agreement (Dkt. No. 22) at ¶ 7.  Petitioner also agreed to waive his right to attack a sentence of sixty (60) months or less.  Plea Agreement (Dkt. No. 22) at ¶ 12.

On December 14, 2005, a Federal Rule of Criminal Procedure 11(b) hearing ("Rule 11(b) hearing")  was held in which  Petitioner admitted he signed his plea agreement freely and voluntarily, and he informed the Court that he understood he waived his right to appeal. Government's Response, Exhibit 2: Plea Transcript  (Dkt. No. 42, Ex. 2) at 7-10, 17.  On July 20, 2006, Petitioner was sentenced to fifty-four (54) months incarceration, one (1) year of supervised release and possible deportation.  See Government's Response, Exhibit 1: Sentencing Transcript (Dkt. No. 42, Ex. 1) at 10-12.

Petitioner, acting *pro se*, now petitions the Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Motion to Vacate (Dkt. No. 35).  Petitioner alleges that he received ineffective assistance of counsel because: 1) counsel did not challenge certain enhancements

---

[3]Records showed that Petitioner did not have the required permission from the United States Attorney General or United States Secretary of Homeland Security to return to this country. Criminal Complaint (Dkt. No. 1).

imposed under the Sentencing Guidelines, 2) counsel did not challenge Petitioner's status as a deportable alien and 3) counsel did not move for certain possible downward departures from the Guideline Sentence. Petitioner's Memorandum of Law in Support of Motion to Vacate (Dkt. No. 35 Part 2) at 2-3. Petitioner has not directly appealed his sentence.

## II. Discussion

A. PETITIONER WAIVED HIS RIGHT TO ATTACK HIS SENTENCE

A waiver of a right to appeal or collaterally attack a sentence in a valid plea agreement is enforceable. United States v. Morgan 406 F.3d 135, 137 (2d Cir. 2005). Petitioner has not appealed but collaterally attacks his sentence. A defendant who received the benefit of a plea agreement and knowingly and voluntarily waived their right to attack a certain sentence may not appeal the merits of the sentence; to allow him to do so would undermine the plea bargaining process. United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993). Petitioner waived his right to attack a sentence of sixty (60) months or less. His sentence was for fifty-four (54) months. His plea agreement specifically states:

> The Defendant acknowledges that, after consultation with defense counsel, he fully understands his rights to appeal and/or collaterally attack the conviction and sentence in this case including challenges based on United States v. Booker and United States v. Fanfan, 543 U.S.[ 220], 125 S.Ct. 738 (January 12, 2005) and their progeny. The Defendant *waives any and all rights, including those conferred by 18 U.S.C. §3742 and/or 28 U.S.C. §2255, to appeal or collaterally attack his conviction and any sentence of imprisonment of 60 months or less,* including any related issues with respect to the establishment of the advisory Sentencing Guidelines range or reasonableness of the sentence imposed.

Plea Agreement (Dkt. No. 22) at ¶ 12. (Emphasis added).

Furthermore, during the Rule 11(b) hearing, Petitioner specifically stated that he understood

3

the waiver. Plea Transcript (Dkt. No. 42, Ex. 2) at 16, lines 12-24. Petitioner has not claimed that he did not understand the waiver. Petitioner's Memorandum of Law in Support of Motion to Vacate (Dkt. No. 35, Part 2). The Second Circuit in Garcia-Santos v. United States, 273 F.3d 506 (2d Cir. 2001), found that a petitioner knowingly and voluntarily waived his right to appeal and collaterally attack his sentence when petitioner signed the plea agreement that included a waiver, stated to the judge that he understood the plea agreement, and did not claim in his § 2255 motion that he did not understand the waiver contained in his plea agreement. Id at 508. Here, as in Garcia-Santos, Petitioner has not claimed that he did not understand the waiver, and, therefore, he has knowingly and voluntarily entered into the waiver. Accordingly, Petitioner waived his right to attack his sentence and his Petition under 28 U.S.C. § 2255 is dismissed.

     Nevertheless, the Second Circuit has held that a waiver of a right to attack ones sentence that is contained in a plea agreement can be voided, but only when the petitioner is alleging that the process by which he waived his right was deficient. United States v. Hernandez, 242 F.3d 110 , 113 (2d Cir. 2001). This means that Petitioner can challenge his waiver only if he is alleging that counsel was ineffective in reaching the plea agreement that formed the waiver. See id. at 114. Petitioner is not alleging his counsel was ineffective in reaching the plea agreement or in including a waiver in the plea agreement, instead, Petitioner's ineffective assistance of counsel claim is based on his counsel not making certain arguments that might have mitigated his sentence. Petitioner is attacking his sentence, not the making of the plea agreement which is barred by the waiver including in his plea agreement. Further, there is no reason to void his waiver to allow his collateral attack, and accordingly the Court refuses to do so.

     However, even if Petitioner did not waive his rights to attack his sentence, the Court finds

4

that Petitioner's individual claims fail on the merits as well.  Petitioner's claims are addressed below.

B. PETITIONER'S NON-MERITORIOUS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner is *pro se* and as such the Court is required to read his submissions liberally. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 47 (2d Cir. 2006).  The Court has assumed that Petitioner has alleged that he has meritorious ineffective assistance of counsel claims and that those claims can override his waiver.

1. PETITIONER IS NOT PROCEDURALLY BARRED FROM HIS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

Generally claims not brought up on direct appeal are barred from collateral review unless petitioner can show cause and prejudice.  Massaro v. United States, 538 U.S. 500, 504 (2003).

However, a claim of ineffective assistance of counsel may,failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under

2. § 2255.

"be brought in the first instance in a timely motion in the district court under §2255."  Id.  Petitioner has not filed a direct appeal, he is only seeking to collaterally attack his sentence under a timely § 2255 Motion.  Under Massaro, Petitioner's claims are not procedurally defaulted, since he is alleging ineffective assistance of counsel which Massaro allows to be brought in the first instance in a timely § 2255 Motion.  Further as the United States Supreme Court notes, since the factual record (including the relevant conduct of counsel) unfolded before this Court, it is the perfect forum for such claims.  See Id.

2. INEFFECTIVE ASSISTANCE OF COUNSEL.

For Petitioner to prevail on a claim of ineffective counsel, he must satisfy the two-part test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  First, Petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness," and second, that Petitioner was prejudiced because there is a "reasonable probability" that the outcome of the case would have been different but for the error. Id. at 688-694.  Strickland instructs lower courts to presume that counsel's actions were reasonable, saying, "Because

5

of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsels conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689.  In looking at the prejudice aspect, courts are required to start by assuming that the proceeding was lawful.  Id. at 694.

>	Further, Petitioner's claim of ineffective assistance of counsel cannot be successful.  As stated in Strickland, Petitioner would have to show that his counsel met both prongs of the test.  Here though he cannot show prejudice.

>	i. PETITIONER CANNOT SHOW THAT HE WAS PREJUDICED BY THE COURTS APPLICATION OF THE SENTENCING GUIDELINES

Petitioner alleges that he received ineffective assistance of counsel because: 1) counsel did not challenge certain enhancements[4] imposed under the Sentencing Guidelines, 2) counsel did not challenge Petitioner's status as a deportable alien and 3) counsel did not move for certain possible downward departures from the Guideline Sentence.  Petitioner's Memorandum of Law in Support of Motion to Vacate (Dkt. No. 35 Part 2) at 2-3.

The Supreme Court in United States v. Booker, 543 U.S. 220 (2005) found that the Federal Sentencing Guidelines are advisory on judges, but judges are required to take them into account when sentencing.  Id. at 246.  Further, judges are not allowed to do any fact finding on their own to enhance the sentence, the only facts that can enhance a sentence are the facts of the crime as submitted to the Court or Jury and any previous criminal conduct.  Id. at 232.  Judges are required to evaluate the information contained in the pre-sentence report as required by Federal Rule of Criminal

---

[4]Petitioner alleges that the enhancements he received amount to unconstitutional double counting.  He was given enhancements for previously having been deported, having a previous felony immigration conviction, and fraudulently obtaining and using a United States passport.  USSG § 2L2.2(b)(1), USSG § 2L2.2(b)(2), USSG § 2L2.2(b)(3).  Petitioner's Memorandum of Law in Support of Motion to Vacate (Dkt. No. 35 Part 2) at 13.

Procedure 32.  FED.R.CRIM.P. 32(d).  Petitioner's allegations of ineffective assistance of counsel that deal with his status as a deportable alien and certain possible downward departures are subjects that were contained in the pre-sentence report.  At the time of sentencing this Court considered these possible mitigating factors and took them into account when sentencing Petitioner.  Since the issues were taken into account when sentence was passed, Petitioner cannot show that there is a reasonable probability that the outcome of those issues would have been different had counsel acted in the way Petitioner suggests and therefore Petitioner suffered no prejudice.

Petitioner's constitutional claim that certain enhancements[4] amount to double jeopardy is invalid.  Booker found certain enhancements where not allowed when they were the result of independent judicial fact finding and not supported by the facts as put to the jury or from past criminal history.  Here the enhancements under USSG § 2L2.2(b)(1) and (2) deal with previous criminal history, which Booker explicitly allows.  See *Supra* at footnote 4; Booker, 543 U.S. at 232.  In Witte v. United States, 515 U.S. 389 (1995), the Supreme Court held that conduct that provided the basis for an enhancement (either previous criminal history or aggravating circumstances in the facts of the crime being sentenced) of the defendants sentence did not violate the Double Jeopardy Clause.  "A defendant has not been 'punished' any more for double jeopardy purposes when relevant conduct is included in the calculation of his offense level under the Guidelines ." Id. at 401.  The Second Circuit has said that double counting is unconstitutional when the same conduct that is the basis for certain penalties elsewhere in the Sentencing Guideline is also used as the basis for separate enhancement, unless it was clearly the prerogative of Congress and the Sentencing Commission to allow such action.  United States v. Maloney, 406 F.3d 149, 152-53 (2d Cir. 2005).  Here the

enhancements that Petitioner alleges as double counting, are enhancements that account for past criminal activity. These are enhancements for which the Sentencing Commission and Congress specifically intended to be utilized together, and as such are allowable under <u>Maloney</u> and <u>Witte</u>. Therefore, Petitioner cannot show that there was a reasonable probability that the outcome of this issue would have been different and so Petitioner has suffered no prejudice as required by <u>Strickland</u>. Since Petitioner cannot show his counsel's actions prejudiced him, he cannot have been denied ineffective assistance of counsel

### III. Conclusion

In sum, Petitioner waived his right to collaterally attack his sentence of fifty-four (54) months, and, furthermore, his claim of ineffective assistance of counsel is without merit. Therefore, Petitioner's Motion to vacate, set aside or correct his sentence pursuant 28 U.S.C. §2255 is denied in its entirety.

Based on the foregoing discussion, it is hereby

**ORDERED**, that Petitioner's Motion (Dkt. No. 35) is **DENIED** and **DISMISSED** in its **ENTIRETY**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:   June 26, 2007
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge